IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

EDDIE BERNARD BRATTON,       )
                             )
          Petitioner,        )
                             )
     v.                      )    1:09CV323
                             )    1:08CR43-1
UNITED STATES OF AMERICA,    )
                             )
          Respondent.        )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner Eddie Bernard Bratton, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 17.)[1] Petitioner was originally indicted on one count of possession of a firearm by a convicted felon and one count of possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Docket No. 1.) Petitioner later pled guilty to Count One of his indictment, with Count Two being dismissed. (Docket No. 12, 13.) He was sentenced to the maximum statutory sentence of 120 months of imprisonment. (Docket No. 16.) Petitioner did not pursue a direct appeal, but has instead filed his current motion under § 2255. Respondent has filed a response (docket no. 19), Petitioner has filed a reply (docket no. 20), and Petitioner's motion is now before the Court for a decision.

---

[1] This and all further cites to the record are to the criminal case.

## DISCUSSION

Petitioner raises three possible claims for relief. Petitioner's first claim is that the government agreed as part of his plea agreement to dismiss Count Two of the indictment, but that the Court entered judgment on the dismissed count by mistake. He states that the judgment in his case should be corrected to reflect only one count of conviction.

This claim fails on its face. The government did agree to dismiss Count Two as part of the plea agreement. However, that count was dismissed and Petitioner's judgment lists only one count of conviction, which is Count One of the indictment. (Docket No. 16.) Further, Petitioner was sentenced only as to the one count. Petitioner's first claim fails on its face due to being contradicted by the clear record in this case.[2]

Petitioner's second claim for relief is that his sentencing range under the United States Sentencing Guidelines was improperly increased using the conduct charged in the dismissed count of the indictment. This conduct resulted in a four-level increase in his sentencing range under USSG § 2K2.1(b)(4) for possessing a firearm with an obliterated serial number. (PSR ¶ 15.) His third claim is similar. In it, he contends that his Guidelines' range was improperly increased two further levels under USSG § 2K2.1(b)(1)(A) for possessing three firearms. (PSR ¶ 14.) Viewing these two

---

[2]In his reply brief, Petitioner attempts to argue that claim one is viable because, whatever the judgment may say, he is being punished for the conduct charged in both counts. This argument is really a restatement of his other two claims for relief. Those fail for reasons that will be discussed next.

claims and Petitioner's reply brief as a whole, he is arguing that it was improper to allow uncharged conduct and conduct set out in the dismissed count of the indictment to play a part in calculating his sentencing range under the Guidelines.[3]

Petitioner's argument has no merit. Uncharged conduct or conduct charged in dismissed counts can, and regularly is, taken into account in Guidelines' calculations using the concept of "relevant conduct." This concept is described in USSG § 1B1.3, which allows all acts committed by a defendant during the offense of conviction, as well as all acts associated with other offenses that were part of a common scheme or course of conduct, to be used to determine a defendant's offense level under the Guidelines. The use of relevant conduct to determine sentencing enhancements is neither improper nor unconstitutional. In fact, a sentencing judge **must** consider relevant conduct and cannot simply choose to ignore it. United States v. Hayes, 322 F.3d 792, 802 (4th Cir. 2003). There was nothing improper about the use of the other firearms to determine Petitioner's sentencing range in this case.

Petitioner states in his reply brief that the government, as part of the plea negotiating process, promised not to seek any enhancement based on the gun listed in Count Two. Petitioner gives no support for this conclusory statement. Further, the plea agreement itself reveals no such promise. In fact, that document warned Petitioner that his sentence would be calculated using the

---

[3]Petitioner's range was calculated in the Presentence Report to be 168 to 210 months. Because this exceeded the statutory maximum of 120 months, he was only sentenced to that maximum. (PSR ¶ 80.)

Guidelines and that the sentencing judge could give him any sentence up to the statutory maximum of ten years. (Docket No. 13, ¶ 2.)  As with his earlier claim, Petitioner's contention is contradicted by the record in the case.  All of his claims should be denied.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside, or correct sentence (docket no. 17) be **DENIED** and that Judgment be entered dismissing this action.

                                      /s/ Donald P. Dietrich
                                        **Donald P. Dietrich**
                              **United States Magistrate Judge**

October 20, 2009